**14 CV 4975**

JUDGE OETKEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JR7405

GAZI RAHMAN,

    Plaintiff,

-against-

THE CITY OF NEW YORK, Police Officer MATTHEW WICKERT, Shield #22143, New York Police Department ("NYPD") Traffic Agent TRAVIS WILSON JR., Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), both individually and as members of the New York City Police Department.

    Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**


RECEIVED JUL 02 2014 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, Gazi Rahman, by his attorney, JASON N. RICHLAND, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, Police Officer MATTHEW WICKERT, Shield #22143, NYPD Traffic Agent TRAVIS WILSON JR., and Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), of the NYPD all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Queens County in the State of New York, in the Eastern District of New York, of Asian heritage.

7. At all times relevant hereto, all actions complained of occurred in New York County, State of New York, in the Southern District of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs

and controls the New York City Police Department, which employs the other named Defendants.

9. Defendants Police Officer MATTHEW WICKERT, Shield #22143, NYPD Traffic Agent TRAVIS WILSON JR., and Police Officer's "JOHN DOE" #1-4 are and were at all times relevant to this action, officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

10. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On July 5th, 2011, Gazi Raman was employed and working as a New York City cab driver.

13. On that day at approximately 11:00 a.m., Mr. Rahman was parked in the designated taxi stand at the Loews' Regency Hotel on Park Avenue in Manhattan.

14. While Mr. Rahman was seated in the driver's side of his cab and within the designated area of the taxi stand, NYPD traffic agent Travis Wilson Jr. approached and began to write Mr. Rahman a ticket.

3

15. After finishing writing the summons, NYPD traffic agent Wilson simply threw the ticket in the rear seat of Mr. Rahman's cab.

16. Mr. Rahman then step out of his car to inquire of NYPD traffic agent Wilson's actions when he is suddenly and without cause punched in the face.

17. Mr. Rahman began to bleed and other taxi drivers came to his assistance.

18. During the commotion, NYPD traffic agent Wilson simply walked away.

19. One of the taxi drivers assisting Mr. Rahman alertly flagged down a pair of New York City Police Officers who came to the scene.

20. A female officer left and was able to find NYPD traffic agent Wilson who was brought back to the scene of the assault.

21. The second officer, a male, remained with Mr. Rahman and called for an ambulance while taking a his statement.

22. Mr. Rahman was taken to New York Presbyterian Hospital to be treated for his injuries, which included a broken nose, a damaged tooth, and pain and bruising to his right eye.

23. While at the hospital, Police Officer Matthew Wickert arrived and inexplicably placed Mr. Rahman under arrest.

24. Mr. Rahman was then taken into police custody where he spent approximately 24 hours detained before being arraigned in the New York City Criminal Court.

25. At his arraignment Mr. Rahman is falsely charged with obstruction of governmental administration in the second degree and harassment in the second degree.

26. Mr. Rahman was released without bail.

27. Mr. Rahman missed 1 week of work.

28. Mr. Rahman continued to return to court for the ensuing 6 months.

29. On July 11th, 2012, a Judge of the New York City Criminal Court dismissed all charges against Mr. Rahman.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

32. All of the aforementioned acts deprived Plaintiff, Gazi Rahman, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of

his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

36. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. As a result of Defendants' aforementioned conduct, Plaintiff, Gazi Rahman, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

41. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

42. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

46. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

50. The criminal proceedings were terminated in Plaintiff's favor on or about January 11th, 2012, when the charges against him were dismissed and sealed.

## FIFTH CLAIM FOR RELIEF:
## ASSAULT UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. The degree of force used by Defendant Wilson was excessive, unreasonable and unwarranted.

53. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

54. As a result of the excessive force and brutality, Plaintiff sustained a broken nose as well as substantial pain and bruising around his right eye and mouth.

55. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

## SIXTH CLAIM FOR RELIEF: ABUSE OF PROCESS

56. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

57. During all times relevant to this Complaint, Defendants arrested Gazi Rahman despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights, unlawfully seized, wrongfully accused, falsely arrested, detained, extradited, and imprisoned, maliciously prosecuted, and unlawfully engaged in an utter abuse of process, all without reason, probable cause, legal basis, or any justification.

58. Defendants simply ignored the statements of several eyewitnesses and the physical evidence to cover-up for a fellow NYPD employee.

## SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Defendant Police Officer MATTHEW WICKERT, Shield #22143, NYPD Traffic Agent TRAVIS WILSON JR., and Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), , arrested Gazi Rahman despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

63. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

64. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well being and constitutional rights of Plaintiff.

65. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Gazi Rahman.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

69. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

70. All of the foregoing acts by Defendants deprived Plaintiff Gazi Rahman of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from unwarranted and malicious criminal prosecution;

   e. To be free from intentional assault and infliction of emotional distress;

   f. Not to have cruel and unusual punishment imposed upon him; and

   g. To receive equal protection under the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.


DATED:   New York, New York
         July 1st, 2014

                                        Respectfully submitted,

                                        _____
                                        Jason N. Richland (JR 7405)
                                        Attorney for Plaintiff
                                        Law Offices of Stanislao A. Germán

Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279
(212) 986-6776
JRichland@SGcounselors.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GAZI RAHMAN,

        Plaintiff

    -against-

THE CITY OF NEW YORK and Police Officer
MATTHEW WICKERT, Shield #22143,
New York Police Department ("NYPD")
Traffic Agent TRAVIS WILSON JR.
and Police Officers "JOHN DOE" #1-4,
(the name "John Doe" being fictitious as the
true names are presently unknown), both
individually and as members of the New York
Police Department.

        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Law Office of Stanislao A. Germán
Jason N. Richland, Esq.
233 Broadway, Suite 2370
New York, New York 10279
(212) 986 -6776